**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Best Western International, Inc., | ) | No. CV 04-2406-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Traditional Partners of Oklahoma, Inc; Prakash Mehta, | ) | |
| Defendants. | ) | |

    Pending before the Court is Plaintiff's motion for this Court to hold a show cause hearing why Defendants should not be held in contempt. This case was filed in 2004 based on Defendants allegedly wrongfully using Plaintiff's trademarks. Default was entered against Defendants in 2005, which included an injunction requiring Defendants to quit using Plaintiff's marks.

    In furtherance of the Motion, Plaintiff alleges that it registered the default judgment and injunction in Oklahoma in 2008 and sent notice of that registration to Defendants. Plaintiff also alleges that in September of 2013, Plaintiff sent a representative to the property at issue and discovered that Plaintiff's marks were still being used. Plaintiff now seeks $1,779,123.90 (or $652.65/day) in damages for Defendants' alleged on-going use of the marks between the entry of the injunction and the filing of the currently pending motion.

    Before the Court will set the requested hearing, Plaintiff shall file a supplemental brief addressing each of the following issues:

1) Whether Plaintiff has any evidence that the marks were in use between 2005 and 2013; and

2) Whether laches bars recovery in this case.

With respect to the second issue, for on-going Lanham Act violations, laches presumptively bars recovery for uses of the mark outside the statute of limitations. *See Jarrow Formulas, Inc., v. Nutrition Now, Inc.*, 304 F.3d 829, 837 (9th Cir. 2002). Here, Plaintiff has offered no evidence that it attempt to enforce the injunction (other than registering it almost 3 years after obtaining it) for approximately 8 years. The Court is inclined to determine that enforcement of the injunction, under these facts, is barred by laches. *See Derek and Constance Lee Corp. v. Kim Seng Co.*, 467 Fed.Appx. 696, **1 (9th Cir. 2012) (unpublished decision) (affirming district court's denial of contempt sanctions for defendant violating an injunction when plaintiff took no action for one year and five months.).

Accordingly,

**IT IS ORDERED** that Plaintiff shall file a supplement to the motion within 30 days. If Plaintiff fails to file the supplement, the motion will be denied.

DATED this 31st day of January, 2014.

James A. Teilborg
Senior United States District Judge